**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Donnie Warren POLLEY, Defendant-Appellant.**

**No. 71–2168**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 29, 1971.

* ▆ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

Jesse R. Funchess, Houston, Tex., for defendant-appellant.

Robert E. Hauberg, U. S. Atty., Donald Strange, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■ This is an appeal from a Dyer Act conviction. There was no reversible error springing from alleged violation of appellant's rights under *Miranda*, because police officers did not testify as to any statement or confession made by appellant.

■ The trial court refused to dismiss for failure to comply with the Speedy Trial clause of the Constitution. We agree with the District Judge that there was an unreasonable delay between the time of appellant's arrest and arraignment and the time of trial, and that this could not be justified on the mere ground that for an unusually long period it had not been convenient to schedule trials at a particular division point of the court. Although a part of the delay was caused by egregious failure of the prosecution to schedule the case for trial, a responsibility which cannot be shifted to the accused, a substantial part of the total delay was caused by the fact that after the government turned its attention to appellant's dormant case it was, for a considerable period, unable to locate appellant, who was out on bail and not at the address given by him. Under all the circumstances we cannot say that denial of appellant's motion was reversible error.

Other contentions are wholly without merit and require no discussion.

Affirmed.